UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODERICK A. CAMPBELL,

       Plaintiff,

v.                              Case No. 8:14-cv-1638-T-33MAP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiff Roderick A. Campbell's Motion to Remand (Doc. # 6), filed on July 10, 2014. Pursuant to Local Rule 3.01(b) and Rule 6(d), Fed. R. Civ. P., the deadline for Defendant State Farm Mutual Automobile Insurance Company to file a response in opposition to the Motion was, at the latest, July 28, 2014.

    A review of the file reveals that State Farm failed to file a response to Campbell's Motion in the time provided by the Rules or at any point since. Accordingly, the Court considers the Motion as unopposed. After careful consideration, and for the reasons that follow, the Court grants Campbell's Motion.

I.   **Background**

On or about June 1, 2010, Gregory James Schneider was operating a motor vehicle in Pinellas County, Florida. (Doc. # 2 at ¶ 6). At that time, Campbell was a "restrained driver of a vehicle" in Pinellas County, Florida. (Id. at ¶ 7). According to the Complaint, Schneider "did operate, maintain and/or control the motor vehicle in such a negligent manner so as to rear end [Campbell's] motor vehicle that was stopped at a traffic device. . . ." (Id. at ¶ 8).

State Farm issued and delivered to Campbell "a policy of insurance numbered 216985-A08-11 which was in full force and effect on the date of the subject accident." (Id. at ¶ 10). Under the terms of the policy, State Farm provided uninsured/underinsured motorist coverage in the amount of $100,000.00, individually. (Id. at ¶ 11). At the relevant time, Schneider was an underinsured motorist as "he carried liability insurance coverage with limits less than . . . [Campbell's] total damages as a direct result of the subject accident." (Id. at ¶ 13). Campbell argues that he furnished State Farm with timely notice of the subject automobile accident and proof of the claims for damages, but State Farm refused to pay for the full value of his damages. (Id. at ¶ 14).

Campbell initiated this action on May 22, 2014, in state court. (See Doc. # 2). State Farm removed this action on July 1, 2014, contending that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. # 1). Thereafter, Campbell filed the present Motion to Remand on July 10, 2014 (Doc. # 6), and State Farm has failed to file a response in opposition thereto.

## II.  Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

By way of the present Motion, the only jurisdictional question is whether the amount in controversy exceeds the $75,000 threshold requirement.[1] In the Complaint, Campbell

---

[1] In the Notice of Removal, State Farm states that complete diversity exists as Campbell is a resident of Florida and State Farm is a corporation organized under the laws of Illinois with its principal place of business in Illinois. (Doc. # 1 at ¶¶ 6-7). As State Farm failed to provide adequate information concerning Campbell's *citizenship*, this Court instructed State Farm to provide a supplemental memorandum regarding the existence of diversity jurisdiction. (Doc. #

3

has not specified the amount of damages claimed in this lawsuit. Instead, Campbell contends "This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)." (Doc. # 2 at ¶ 1).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Id. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

---

4). In its memorandum, State Farm indicated that it "relied on allegations set forth in [Campbell's] complaint that he was a resident of . . . Florida." (Doc. # 7). As this Court finds that the amount in controversy requirement has not been met, it will not discuss whether State Farm has adequately demonstrated that complete diversity exists between the parties.

III. **Discussion**

As the jurisdictional amount is not facially apparent from review of the Complaint, this Court is required to look to the Notice of Removal and accompanying documents to determine whether the amount in controversy requirement has been satisfied. Upon review, the Court finds that State Farm has not borne its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

In the Complaint, Campbell submits that "This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)." (Doc. # 2 at ¶ 1). However, State Farm posits, within the Notice of Removal, that the amount in controversy exceeds the jurisdictional requirement because (1) in paragraph 11 of the Complaint, Campbell alleges that he is entitled to $100,000.00 per person and (2) Campbell's settlement demand letter sent by prior counsel "expressly states that [he] demands $100,000.00." (Doc # 1 at 2-3). However, this Court finds that State Farm has provided nothing more than speculation to suggest that the total amount in controversy exceeds the $75,000 jurisdictional threshold.

A. **Paragraph 11**

Paragraph 11 of the Complaint states "Under the terms of the insurance policy, Defendant State Farm Mutual Automobile Insurance Company, provided uninsured/underinsured motorist coverage in the amount of $100,000.00, individually." (Doc. # 2 at ¶ 11). In its Notice of Removal, however, State Farm submits that "[Campbell] alleges [in the Complaint] that [he] is entitled to $100,000.00 per person." (Doc. # 1 at ¶ 10).

The Court cannot agree with State Farm's interpretation of the Complaint's allegation.  The Complaint does not provide that Campbell is entitled to $100,000.00 per person or that Campbell is in fact seeking that amount in damages. Instead, it indicates only that State Farm provided insurance coverage in that amount.

### B. **Settlement Demand Letter**

The Notice of Removal additionally provides that the amount in controversy requirement is established as "[Campbell's] demand expressly states that [Campbell] demands $100,000.00 for Roderick A. Campbell." (Doc. # 1 at ¶ 12).

Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-CV-1582-T-23EAJ,

2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)("A settlement offer is relevant but not determinative of the amount in controversy."). Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); Piazza, 2010 WL 2889218, at *1 ("a settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

Upon review, this Court finds that Campbell's demand reflects mere posturing rather than a reasonable assessment of the value of his claim. The demand letter states: "At this time, we are demanding the policy limits of $100,000.00 to settle all claims relating to this matter." (See Doc. # 1 at 17). This is a general demand for the maximum amount available under the policy limit. The demand letter - as attached to the Notice of Removal - fails to explain how Campbell arrived

at his damages calculations. <u>See</u> <u>Johnson v. Liberty Mut. Ins.</u> <u>Co.</u>, No. 8:13-cv-491, 2013 WL 1503109, at *4 (M.D. Fla. Apr. 12, 2013) (finding that the pre-suit demand letter was a general demand as it contained no specific information as to the amount of damages sustained by plaintiff); <u>Standridge v.</u> <u>Wal-Mart Stores</u>, 945 F. Supp. 252, 256 (N.D. Ga. 1996)(holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking.").

Given that "uncertainties are resolved in favor of remand," <u>Burns</u>, 31 F.3d at 1095, the Court finds that State Farm has failed to prove that the amount in controversy exceeds $75,000. Consequently, the Court concludes that it lacks subject matter jurisdiction, and this case must be remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff Roderick A. Campbell's Motion to Remand (Doc. #6) is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida as this Court lacks subject matter jurisdiction.

(2)  The Clerk is further directed to close the case and

terminate all previously scheduled deadlines.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this

29th day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

9